IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO A. AGOSTINI, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-14-2234 |
| | : (Judge Caldwell) |
| CRAIG LOWE, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I. *Introduction*

On November 19, 2014, the pro se plaintiff, Mario A. Agostini, commenced this action pursuant to 42 U.S.C. § 1983. On January 29, 2015, Agostini filed an Amended Complaint. (Doc. 23). In his sixty-five page Amended Complaint, Agostini states that on September 13, 2014, he was injured while trying to enter his bunk. (Doc. 34). Agostini claims defendants failed to provide him with adequate medical care following his accident and alleges they were deliberately indifferent to his safety when they failed to provide him with a safe and secure manner to access his upper bunk. (*Id.*)

Presently before the court is Agostini's second motion for appointment of counsel. (Doc. 28) and motion for enlargement of time to file a brief in opposition to the Pike County defendants' motion to dismiss his Amended Complaint. (Doc. 34). For the reasons that follow, Agostini's motion for counsel will be denied and his motion for enlargement of time will be granted.

II.     *Discussion*

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party.  These factors include: (1) the plaintiff's ability to present

his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Plaintiff's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155-56. This case has just started. The Pike County Correctional Facility (PCCF) defendants have only recently filed a motion to dismiss. The newly named defendants, Prime Care Medical Inc. and several nurses working at the PCCF, have not even been served with the Amended Complaint. Until all parties have been served, and have responded to the Amended Complaint, the Court will not be able to assess the merits of Plaintiff's claims.

Agostini asserts that he is an uneducated, thirty-three-year-old man with limited education as he dropped out of school at the age of sixteen. However, his situation is not different than many inmate litigants who appear pro se before the court. (Doc. 36). In assessing Agostini's ability to present his case before the court, we

examine his filings to date. They are typed and clearly written. As previously noted, Plaintiff's presentation of the facts comprising his claims are straightforward and uncomplicated.

To the extent that Plaintiff's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

To the extent that Agostini seeks additional time to research and respond to the PCCF defendants' motion to dismiss his Amended Complaint, we will grant his motion.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 12, 2015